Baron J. Drexel, SBN 132529
Law Offices of Baron J. Drexel
The Ordway Building
One Kaiser Plaza, Suite 2300
Oakland, California 94612
Telephone:   (510) 444-3184
Facsimile:   (510) 444-3181
E-mail:      drexlex@sbcglobal.net

Attorney for Plaintiff Sunnyside Development LLC

UNITED STATES FEDERAL DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| SUNNYSIDE DEVELOPMENT CORPORATION, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>OPSYS U.S. CORPORATION, PENTALPHA MACAU COMMERCIAL OFFSHORE LIMITED, LITE ARRAY, INC., and DOES 1-100, inclusive,<br><br>Defendants. | Case No.:<br><br>FIRST AMENDED COMPLAINT, ACTION FOR DAMAGES |

Plaintiff SUNNYSIDE DEVELOPMENT CORPORATION, LLC ("Sunnyside") complains of defendants OPSYS U.S. CORPORATION ("Opsys"), PENTALPHA MACAU COMMERCIAL OFFSHORE LIMITED ("Pentalpha"), LITE ARRAY, INC. ("Lite Array") and DOES 1 to 100, inclusive, and each of them, and alleges as follows:

**I.  Jurisdiction and Venue**

1.  This action seeks damages, contribution, restitution and reimbursement of costs expended by plaintiff to investigate, characterize and remedy defendants' contamination of plaintiff's property in Fremont, California with hazardous substances.  Plaintiff also seeks

damages for loss of rent caused by defendants' polluting activities.

2. This Court has jurisdiction over this action and the parties pursuant to Section 113(b) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9613 (b) and 28 U.S.C. § 1331.

3. This Court has subject matter jurisdiction over the pendent claims brought under state law pursuant to 28 U.S.C. § 1367. The claims under state law arise from the same common nucleus of operative facts as the claims under federal law and are so intertwined that it is appropriate for this court to exercise jurisdiction over the state law claims set forth herein.

4. Venue is proper in this district under 42 U.S.C. § 9613(b) and 42 U.S.C. § 1391(b) because the release of hazardous substances and related wrongful acts and damages occurred in this district.

5. Defendant Opsys has filed a voluntary chapter 7 bankruptcy proceeding, which is currently pending. Plaintiff filed and was granted a motion for relief from stay by the Federal Bankruptcy Court in October 2004. A copy of the order for relief from stay is attached hereto as Exhibit A and incorporated herein. Pursuant to the order, plaintiff may file suit against defendant Opsys, and recover up to the $1,000,000 limit of its pollution insurance policy.

## II. The Parties

6. Plaintiff Sunnyside is a limited liability corporation created and operating pursuant to the laws of the State of California. Plaintiff owns the land and real property located at 47375 Fremont Blvd. in Fremont, California (the "Property"). In connection with its ownership of the Property, plaintiff has incurred substantial response costs consistent with the National Contingency Plan.

7. Plaintiff alleges, upon information and belief, that defendant Opsys was a corporation doing business in the State of California. On or about May 7, 2003, Opsys commenced a voluntary chapter 7 bankruptcy, currently pending in Bankruptcy Court for the Northern District

of California. Prior to the commencement of the bankruptcy proceeding, Opsys occupied and operated on the Property, pursuant to a written lease agreement between plaintiff and Opsys Limited, a United Kingdom company of whom defendant Opsys is a subsidiary.

8. Plaintiff alleges, upon information and belief, that prior to the commencement of the bankruptcy proceeding, Pentalpha purchased equipment from Opsys, and removed that equipment from the Property.

9. Plaintiff alleges, upon information and belief, that Lite Array is a corporation created and operating pursuant to the laws of the State of California. Lite Array participated with Pentalpha in the removal of equipment from the Property.

10. The true names or capacities, whether individual, corporate, associate, or otherwise, or defendants named herein as DOES 1 through 100 are unknown to plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff will ask leave to amend this complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the defendants designated herein by a fictitious name is responsible in some manner for the events and happenings referred to herein, and caused injury, losses and damages proximately thereby to the plaintiff as herein alleged.

### III. CERCLA Claim

11. Plaintiff Sunnyside owns the land and real property located at 47375 Fremont Blvd. in Fremont, California (the "Property"). Plaintiff leased the Property to Opsys Limited, the parent company of defendant Opsys.

12. From October 2001 to April 2003, defendant Opsys occupied and used the Property as a research and development facility for its organic light emitting diode technology. Opsys filed a permit with the City of Fremont to store and use hazardous materials on the Property. During its tenancy, Opsys generated toxic and/or hazardous waste as a byproduct of its business operations.

13. Opsys commenced a voluntary chapter 7 bankruptcy in May 2003. At the time of filing, Opsys was storing approximately 600 drums of toxic materials on the Property. Many of these drums ruptured or leaked, causing contamination of the cement floor, walls and ceiling of the Property.

14. Prior to filing for bankruptcy, Opsys sold equipment to a third party, Pentalpha. Pentalpha and Lite Array commenced removal of said equipment from the Property. Plaintiff is informed and believes and thereon alleges that Pentalpha, Lite Array, and their agents, in the course of removing the equipment, caused futher release of hazardous materials onto the Property.

15. The Fremont Fire Department, as the Certified Uniform Program Agency (the "CUPA"), ordered the removal and remediation of the hazardous materials in compliance with local, state and federal environmental, health and safety laws, ordinances, regulations, policies and orders. No further occupancy of the Property was permitted, pending compliance with the order and closure of Opsys' permit.

16. Plaintiff retained SCA Environmental, Inc. to prepare a Facilities Closure Plan (the "Plan") for the Property. Said Plan was approved by the CUPA. Plaintiff fully implemented the Plan, incurring costs in the amount of $132,075.99.

17. After reviewing SCA's post-closure report, the CUPA closed the permits and authorized occupancy of the Property on June 16, 2004. At that time, the Property had been vacant for over one year, resulting in economic losses to plaintiff in the amount of approximately $1,170,440.63.

18. Defendants are "persons" within the meaning of CERCLA, 42 U.S.C. § 9601(21).

19. The hazardous materials identified herein are "hazardous substances" within the meaning of CERCLA, 42 U.S.C. § 9601(14).

20. Both the Property itself, and the equipment it contained, were "facilities" within the meaning of CERCLA, 42 U.S.C. § 9601(9).

21. At the time when hazardous substances were stored on the Property, defendant Opsys was the "owner and/or operator" of the facility within the meaning of CERCLA, 42 U.S.C. § 9601(20)(A).

22. When defendant Pentalpha entered the Property to remove equipment, it claimed a right of ownership to that equipment, and was therefore an "owner and/or operator" of the equipment within the meaning of CERCLA, 42 U.S.C. § 9601(20)(A).

23. When defendants Pentalpha and Lite Array entered the Property to remove equipment, they accepted and arranged for transportation of that equipment, and any hazardous substances it contained, within the meaning of CERCLA, 42 U.S.C. §§ 9607(a)(3)-(4).

24. The activities of each defendant on the Property resulted in the "release" of hazardous substances at the facility within the meaning of CERCLA, 42 U.S.C. § 9601(22).

25. To date, plaintiff incurred necessary "response" costs in the amount of $132,075.99 within the meaning of CERCLA, 42 U.S.C. § 9601(25). These costs are consistent with the National Contingency Plan as set forth in 40 C.F.R. Part 300, to abate the release of hazardous substances into the environment. These response costs include the analysis, removal and remediation actions undertaken by plaintiff, as directed by the CUPA.

26. Opsys, Pentalpha and Lite Array are responsible parties under CERCLA, 42 U.S.C. § 9607(a), and are therefore absolutely liable for all costs of removal and remedial action incurred by plaintiff in response to releases at the Property.

WHEREFORE, plaintiff requests judgment as hereinafter set forth.

### IV. Negligence Claim

27. Plaintiff realleges the allegations contained in paragraphs 1 through 26, inclusive, and incorporates said allegations as if restated.

28.  At all times and places mentioned herein, defendants, and each of them, carelessly and negligently stored, handled, transported, and abandoned hazardous materials on the Property.

29.  Due to the negligence of the defendants, and each of them, plaintiff incurred costs to investigate, characterize and remedy defendants' contamination of the Property.

30.  As a proximate result of the negligence of the defendants, and each of them, plaintiff has suffered economic losses due to defendants' polluting activities.  These losses include, but are not limited to, lost rents, costs of removal and remediation, response costs, lost reimbursement of maintenance expenses at the Property, and damages associated with the stigma to the Property caused from the contamination.

31.  As a further proximate result of the negligence of the defendants, and each of them, plaintiff has incurred, and will continue to incur, substantial administrative and legal fees required to respond to and assess responsibility for contamination at the Property.

WHEREFORE, plaintiff requests judgment as hereinafter set forth.

### V.  Private Nuisance Claim

32.  Plaintiff realleges the allegations contained in paragraphs 1 through 31, inclusive, and incorporates said allegations as if restated.

33.  At all times and places mentioned herein, defendants, and each of them, created a private nuisance on the Property, pursuant to Cal. Civil Code §§ 3479 and 3481.  The contamination of the Property created a condition that was injurious to health, or indecent or offensive to the senses, or an obstruction to the free use of the Property, which interfered with plaintiff's comfortable enjoyment of the Property.

34.  At all times and places mentioned herein, defendants, and each of them, violated the local legislative regulations regarding hazardous materials, City of Fremont Municipal Code §§

3-12100, *et seq*.  Such violation constitutes a nuisance *per se*, pursuant to City of Fremont Municipal Code § 3-3103.

35.  Defendants are strictly and jointly and severally liable for abatement of the nuisance, and for the resulting interference with the Plaintiffs' free use and enjoyment of property.

36.  Because of the nuisance created by the defendants, and each of them, plaintiff incurred costs to investigate, characterize and remedy defendants' contamination of the Property.

37.  As a proximate result of the nuisance created by the defendants, and each of them, plaintiff has suffered economic losses due to defendants' polluting activities.  These losses include, but are not limited to, lost rents, costs of removal and remediation, response costs, lost reimbursement of maintenance expenses at the Property, and damages associated with the stigma to the Property caused from the contamination.

38.  As a further proximate result of the nuisance created by the defendants, and each of them, plaintiff has incurred, and will continue to incur, substantial administrative and legal fees required to respond to and assess responsibility for contamination at the Property.

39.  Plaintiff brings this action pursuant to the remedies available under Cal. Civil Code § 3501 and Cal. Code Civ. Proc. § 731.

## VI.  Request for Relief

WHEREFORE, plaintiff requests judgment on each cause of action against defendants, and each of them, as follows:

As to the CERCLA Claim:

1.  Award to plaintiff reimbursement of the costs of removal and remediation in the amount of $132,075.99;

2.  Award to plaintiff reimbursement of the administrative and legal costs associated with the removal and remediation;

As to the Negligence and Private Nuisance Claims:

3. Award to plaintiff reimbursement of the costs of removal and remediation in the amount of $132,075.99;

4. Award to plaintiff reimbursement of the administrative and legal costs associated with the removal and remediation;

5. Award to plaintiff its damages in the amount of approximately $1,170,440.63, incurred due to the loss of its occupancy permit at the Property;

6. Award to plaintiff its damages incurred due to the pollution stigma attached to the Property, according to proof;

<u>As to All Claims:</u>

7. Award to plaintiff interest and the costs and disbursements of this action;

8. Award to plaintiff reasonable attorney's fees and costs; and

9. Award to plaintiff such other and further relief as the court may deem just and proper.

Dated: April 18, 2005                                         Law Offices of Baron J. Drexel

                                                                By: ___/sig/_____
                                                                    Baron J. Drexel
                                                                    Attorney for Sunnyside
                                                                    Development LLC