**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SUNNYSIDE DEVELOPMENT CORPORATION, LLC,

    Plaintiff,

  v.

OPSYS U.S. CORPORATION et al.,

    Defendants.

No. C 05-01447 SI

**ORDER DENYING DEFENDANT LITE ARRAY'S MOTION TO DISMISS**

Defendant Lite Array, Inc., has filed a motion to dismiss for insufficiency of service of process, and plaintiff has filed an opposition. Defendant has not filed a reply. The Court determines that the matter is appropriate for submission without oral argument pursuant to Civil Local Rule 7-1(b), and accordingly the March 3, 2006 hearing is VACATED. The case management conference will be held on **March 3, 2006** at **2:30 p.m.**

Defendant Lite Array moves for dismissal without prejudice under Federal Rule of Civil Procedure 4(m) because plaintiff served the complaint on Lite Array anywhere between days and several weeks[1] after the 120 day period for service. Defendant does not contend that it has been prejudiced by any delay. Plaintiff opposes the motion, and has submitted declarations attesting to its efforts to serve Lite Array within the 120 day period.

The Court finds that there is good cause for plaintiff's failure to serve the complaint within the

---

[1] The record before the Court is unclear as to the exact date Lite Array was served. Plaintiff states that it sent by certified mail the summons, complaint and other required documents to Lite Array's registered Delaware agent on August 11, 2005, and that it received confirmation of delivery from the U.S. Postal Service on August 17, 2005. However, there was no signature or date on the return receipt. *See* Francis Decl. ¶ 14.

120 day period. *See Elec. Speciality Co. v. Road and Ranch Supply, Inc.*, 967 F.2d 309, 312 (9th Cir. 1992). Plaintiff has submitted declarations showing that upon filing the complaint, plaintiff undertook to serve Lite Array immediately, and that, *inter alia*, plaintiff made three unsuccessful attempts at personal service. According to plaintiff's declarations, service was delayed because defendant had closed its California office without leaving a forwarding address. These declarations demonstrate that plaintiff made good faith efforts to serve defendant within the 120 day period for service. In addition, plaintiff states that if the Court dismisses the complaint, the plaintiff's claims against Lite Array will be time-barred.

Accordingly, for the foregoing reasons and good cause shown, the Court extends the time for service to the date that plaintiff actually served Lite Array, and hereby DENIES defendant Lite Array's motion to dismiss. (Docket No. 30).

**IT IS SO ORDERED.**

Dated: February 28, 2006

SUSAN ILLSTON
United States District Judge