IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SUNNYSIDE DEVELOPMENT
CORPORATION, LLC,

   Plaintiff,

 v.

OPSYS U.S. CORPORATION, et al.,

   Defendants.
              /

No. C 05-01447 SI

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT LITE ARRAY'S MOTION TO DISMISS**

   Defendant Lite Array has filed a motion to dismiss, which is currently scheduled for argument on April 28, 2006. Pursuant to Civil Local Rule 7-1(b), the Court determines the matter is appropriate for submission without oral argument, and accordingly VACATES the hearing.

## BACKGROUND[1]

**1. Factual Background**

   Plaintiff Sunnyside Development Company is the owner of a commercial property located in Fremont, California. Plaintiff leased the property to Opsys Limited, parent company of defendant Opsys U.S. Corporation. FAC ¶ 11. From October 2001 to April 2003, defendant Opsys occupied and used the property as a research and development facility for its organic light emitting diode technology. *Id.* at ¶ 12. Opsys filed a permit with the City of Fremont to store and use hazardous material on the property, and during its tenancy, Opsys generated toxic and/or hazardous waste as a byproduct of its business operations. *Id.*

---

[1] The following information is taken from the First Amended Complaint ("FAC").

Opsys filed for voluntary Chapter 7 bankruptcy in May 2003. Prior to filing for bankruptcy, Opsys sold equipment to a third party, defendant Pentalpha Macau Commercial Offshore Limited. *Id.* at ¶¶ 13-14.[2] Defendants Pentalpha and Lite Array removed the equipment from the property, and in the course of removing the equipment, caused further release of hazardous materials onto the property. *Id.* at ¶ 14.

The Fremont Fire Department, as a Certified Uniform Program Agency ("CUPA"), ordered the removal and remediation of the hazardous materials on the property in compliance with local, state and federal environmental, health and safety laws, ordinances, regulations, policies and orders. *Id.* at ¶ 15.[3] Plaintiff retained an environmental company to prepare a "Facilities Closure Plan" for the property. The CUPA approved the plan, and plaintiff implemented the plan, incurring costs in the amount of $132,075.99. *Id.* at ¶ 16.

For a period of over one year, and until plaintiff implemented the remediation plan, the CUPA ordered the closure of plaintiff's property. Plaintiff alleges that the vacancy of the property resulted in economic losses of approximately $1,170,440.63. *Id.* at ¶¶ 15, 17.

## 2.    Procedural Background

Plaintiff filed a complaint against defendants Opsys U.S. Corporation, Pentalpha Macau Commercial Offshore Limited, and Lite Array, Inc. on April 8, 2005. Plaintiff filed a first amended complaint on April 18, 2005. On September 30, 2005, the Clerk of the Court entered default against defendant Opsys. Plaintiff has not served defendant Pentalpha; plaintiff states that it has been unable

---

[2] By order filed September 11, 2003, the bankruptcy court in *In re Opsys U.S. Corp.*, approved a compromise between the bankruptcy trustee and Pentalpha. Under the settlement, Penatalpha agreed to pay the bankruptcy trustee $25,000, and in exchange, Pentalpha obtained relief from the bankruptcy stay to proceed with removal of the property previously purchased by Penalpha and located at Sunnyside's property in Fremont, California. *See* Defendant's Request for Judicial Notice Ex. 1. The Court takes judicial notice of this document, as well as of Exhibit 3, which is a declaration submitted by a Sunnyside employee in *Sunnyside Development Company LLC v. Opsys Limited*, 05-553 MHP. The Court does not take judicial notice of Exhibit 2, which is a non-fully executed "Agreement for Temporary Access and Right of Entry, and Indemnification" between Sunnyside and Pentalpha.

[3] Although the complaint does not state when this occurred, the Chiu Declaration, submitted by Sunnyside in *Sunnyside Development Company LLC v. Opsys Limited*, 05-553 MHP, indicates that the Fremont Fire Department issued the order on May 8, 2003. *See* Def's Request for Judicial Notice, Ex. 3.

to locate Pentalpha in the United States. Defendant Lite Array, which has been served with the complaint, has filed a motion to dismiss the first amended complaint.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. *See United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

**1.    CERCLA Claim**

The complaint alleges that plaintiff has incurred "response" costs in the amount of $132,075.99; that defendants Opsys, Pentalpha and Lite Array are responsible parties under Section 107 of CERCLA; and that defendants are "absolutely liable for all costs of removal and remedial action incurred by plaintiff in response to releases at the Property." FAC ¶¶ 25-26. Although the first paragraph of the complaint states that "this action seeks damages, contribution, restitution and reimbursement of costs," the complaint repeatedly seeks the full amount of the response costs from defendants. *Id.* at ¶ 26,

Request for Relief ¶ 1.

Defendant Lite Array moves to dismiss plaintiff's CERCLA claim on the ground that because plaintiff is a potentially responsible person ("PRP"), plaintiff is precluded from seeking joint and several liability against defendants under Section 107 of CERCLA. Defendant contends that, if anything, plaintiff is limited to seeking contribution, and that any claim for contribution must be pled under Section 113 of CERCLA. Plaintiff responds that the complaint does not allege that it is a PRP, and that even if it is a PRP, plaintiff may, and does, seek equitable contribution from the defendants under Section 107.

In *Pinal Creek Group v. Newmont Mining Corporation*, 118 F.3d 1298 (9th Cir. 1997), the Ninth Circuit held that a PRP cannot bring a claim for joint and several liability under Section 107. *Id.* at 1302. Thus, if plaintiff is a PRP,[4] defendant is correct that plaintiff's CERCLA claim must be dismissed because, as currently pled, the complaint seeks to hold defendants jointly and severally liable for the full amount of the recovery costs. *See* FAC ¶ 26; Request for Relief ¶ 1. However, to the extent that defendant suggests that plaintiff can only bring a claim for equitable contribution under Section 113 of the CERCLA and not under Section 107, defendant is incorrect. *See Pinal*, 118 F.3d at 1302 ("Section 113(f), however, does not create the right of contribution – rather the source of a contribution claim is section 107(a). Under CERCLA's scheme, section 107 governs liability, while section 113(f) creates a mechanism for apportioning that liability among responsible parties.").[5]

---

[4] Although plaintiff is correct that the complaint does not specifically allege that plaintiff is a PRP, plaintiff would appear to be a PRP because plaintiff is the owner of the property. *See* FAC ¶ 6; 42 U.S.C. § 9607(a)(1)-(2). The only way plaintiff can seek to hold defendants jointly and severally liable for the full amount of the recovery costs is if plaintiff is an "innocent landowner." *See* 42 U.S.C. § 9607(b); *Western Properties Serv. Corp. v. Shell Oil Co.*, 358 F.3d 678, 689 (9th Cir. 2004). However, neither the complaint nor plaintiff's opposition asserts that plaintiff is an "innocent landowner." Instead, the complaint is silent as to whether plaintiff had any knowledge that the property was being contaminated with hazardous waste, and the opposition simply states that plaintiff does not concede it is a PRP.

The Court notes that the pleadings on file in *Sunnyside Development Company LLC v. Opsys Limited*, 05-553 MHP, suggest that plaintiff cannot allege that it is an "innocent landowner" within the meaning of CERCLA.

[5] Indeed, after the Supreme Court's decision in *Cooper Industries Inc. v. Aviall Services, Inc.*, 543 U.S. 157 (2004), a plaintiff may only pursue a claim for contribution under Section 113 if it arises (1) during or following a civil action under Section 106 or 107 of CERCLA, or (2) after an administrative or judicially approved settlement. *See id.* at 166; *see also Ferguson v. Arcata Redwood*

4

Defendant also contends that the complaint does not sufficiently allege that Lite Array is a PRP. The Court disagrees. The complaint alleges, "[w]hen defendants Pentalpha and Lite Array entered the Property to remove equipment, they accepted and arranged for transportation of that equipment, and any hazardous substances it contained, within the meaning of CERCLA, 42 U.S.C. §§ 9607(a)(3)-(4)." FAC ¶ 23. Both Section 9607(a)(3) and (a)(4) require that a PRP be someone who arranges for the transportation of or accepts hazardous waste for transport "for disposal or treatment" of those substances. Defendant argues that the complaint fails to allege that Lite Array accepted hazardous substances for transport to any disposal or treatment facility. However, the complaint alleges that the defendants accepted and arranged for the transportation of equipment "within the meaning" of the statutes that cover transport for "disposal or treatment." This allegation constitutes a short and plain statement of the claim sufficient to withstand a motion to dismiss. As indicated in the reply, Lite Array's argument is a factual one, based on its assertion that it had nothing to do with transporting hazardous materials "for disposal or treatment"; this being the case, Lite Array may properly raise the issue of a lack of evidence that it is a PRP in a motion for summary judgment.

Plaintiff shall be given leave to amend the complaint. The amended complaint shall clarify whether plaintiff is a PRP, and if so, plaintiff is limited to seeking contribution against defendants. Alternatively, plaintiff may seek joint and several liability against defendants if plaintiff pleads it is an "innocent landowner."

**2.    State Law Claims**

Defendant contends plaintiff's negligence and private nuisance claims are preempted by

---

*Co.*, 2005 WL 1869445, at *5-6 (Aug. 5, 2005 N.D. Cal.) (holding, after *Aviall*, that a plaintiff who did not fulfill Section 113 prerequisites could pursue Section 107 claim for contribution because *Aviall* specifically declined to address continued viability of such claims, and because pre-*Aviall* Ninth Circuit caselaw provided for such claims).

There is no indication in the complaint that plaintiff has been subject to a lawsuit under Section 106 or 107. It is unclear whether plaintiff's claim follows an administrative or judicially approved settlement. The complaint alleges that the Fremont Fire Department, as the Certified Uniform Program Agency, ordered the removal and remediation of the hazardous materials, and that plaintiff implemented a remediation plan that was approved by the Fire Department. *See* FAC ¶¶ 15-17. If plaintiff wishes to pursue a claim under Section 113, the amended complaint must include allegations showing that plaintiff has met the requirements of Section 113.

5

CERCLA, relying on the Third Circuit's decision in *In re Reading Co.*, 115 F.3d 1111, 1117 (3d Cir. 1997), which found actual conflict between CERCLA and common law claims for contribution and restitution. CERCLA states that "nothing in this Act shall affect or modify in any way the obligations or liabilities of any person under any other Federal or State law, including common law, with respect to releases of hazardous substances or other pollutants or contaminants." *See* 42 U.S.C. § 9652(d). This clause, along with two other similar savings clauses, makes clear that there is no field preemption of hazardous waste regulations. *See Fireman's Fund Ins. Co. v. City of Lodi*, 302 F.3d 928, 941-43 (9th Cir. 2002).

The Ninth Circuit has found that CERCLA does not preempt state law recovery of removal costs; it only prohibits double recovery of such costs under both CERCLA and state law. *See Stanton Rd. Assocs. v. Lohrey Enters.*, 984 F.2d 1015, 1021-22 (9th Cir. 1993) (holding that to rule otherwise would render meaningless statutory provision preventing double recovery) (disapproved of on other grounds by *Key Tronic Corp. v. U.S.*, 511 U.S. 809 (1994)); *see also City of Merced v. Fields*, 997 F. Supp. 1326, 1336 (E.D. Cal. 1998). The *Lohrey* court dealt with a single judgment of damages awarded for prospective cleanup costs under claims of trespass, negligence, and nuisance as well as CERCLA. *Lohrey* at 1016-17. Finding that prospective cleanup costs were unavailable under CERCLA, the court remanded for a determination of what portion of the damages award was attributable to the CERCLA claim and what portion was attributable to the state law claims. *Id*. at 1021.

More recently, the Ninth Circuit has struck down portions of a local hazardous waste regulation as being preempted by CERCLA under the doctrine of conflict preemption. *Fireman's Fund Ins. Co. v. City of Lodi*, 302 F.3d 928, 956-957 (9th Cir. 2002). The *Fireman's Fund* court found that two provisions of a City of Lodi hazardous waste ordinance were preempted as standing as "an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Id*. at 948. One provision placed a higher burden of proof than CERCLA upon a defendant seeking to apportion liability to show that the harm was divisible, while the other allowed the City of Lodi to order additional or more stringent requirements than those under CERCLA. *Id*. at 948, 951. The court also found that local provisions which allowed the city to recover cleanup costs from PRPs, but did not allow PRPs to recover from the city, would be preempted if the district court found the city of Lodi to itself be a PRP. *See id.*

6

at 947. Similarly, the court found that provisions allowing for the recovery of attorneys fees would be preempted if Lodi was found to be a PRP. *Id.* at 953. However, the court found no preemption of portions of the regulation that allowed the city to recover damages to its natural resources, and also found no preemption of provisions that gave the city power to compel production of information related to an environmental nuisance. *Id.* at 944, 954-55.

Plaintiff's negligence claim and the portion of the nuisance claim arising out of California law are controlled by *Lohrey* since they are not tailored to CERCLA's subject matter as was the regulation in *Fireman's Fund*. Plaintiff Sunnyside asserts that its negligence and private nuisance claims relate to lost use and lost profits, and not to removal costs. The first amended complaint alleges damages relating to "lost rents, costs of removal and remediation, response costs, lost reimbursement of maintenance expenses at the Property, and damages associated with the stigma to the Property caused from the contamination" under the negligence and private nuisance claims. FAC ¶¶ 30, 37. While some of these damages may well constitute removal costs under CERCLA, others, such as loss of rent, may not; however, the Court need not decide this at this time. Under *Lohrey*, the Court holds that Sunnyside may pursue suit for removal costs and other damages as available under CERCLA and any other law, although it may ultimately recover its removal costs only once.

However, plaintiff's nuisance claim rests in part on City of Fremont Municipal Code §§ 3-12100, *et seq*, which deals with hazardous waste. The complaint asserts that defendant is *per se* liable under the Fremont city code; defendant asserts that the application of *per se* liability is in direct conflict with CERCLA. The complaint cites a section of the Fremont city code dealing with firearms in support of its *per se* liability claim. It would appear that plaintiffs intended to cite section 3-12601, which states that "any person, firm or corporation responsible for a hazardous material facility, or property owner" is responsible to remedy the effect of an unauthorized discharge regardless of "evidence of willfulness or negligence of the property owner or party handling the hazardous material(s) in causing or allowing such discharge." Fremont, Cal., Mun. Code § 3-12601. This provision also allows a party to seek reimbursement of remedial costs from other responsible parties, and does not attempt to regulate such actions in any way. *See id.* In other words, this regulation seeks to make one in control of a hazardous material facility the initial party responsible for cleaning up any discharge of hazardous material, but

7

does not prevent an innocent property owner from recovering her costs from the responsible parties, or a partially responsible property owner from recovering some of those costs.

The *Fireman's Fund* court specifically noted the usefulness of local environmental regulations in dealing with small contaminated sites that do not attract federal attention, as would appear to exist in this case, stating that cities may compel landowners to clean up a site in a manner that makes sense without running afoul of CERCLA. *Fireman's Fund Ins. Co. v. City of Lodi*, 302 F.3d 928, 952. The *Fireman's Fund* court found the Lodi regulation went beyond this standard to the extent it specifically allowed the city to impose more stringent abatement requirements than those of CERCLA and imposed a higher burden of proof on PRPs than CERCLA. *See id*. at 949, 951. Its concern with these aspects of the City of Lodi's ordinance was that they vitiated CERCLA's goal of expeditious cleanup of contaminated sites, since they increased uncertainty and made apportionment of liability more difficult. *See id*.

Here, the City of Fremont regulation does not impose specific abatement procedures, stringent or otherwise, nor does it attempt to alter the standards under which a party may recover its costs or seek contribution under CERCLA. It is thus not the kind of conflicting, onerous liability provision at issue in *Fireman's Fund*. *See id*. This ordinance instead falls into the category of a permissible local hazardous waste cleanup regulation not preempted by CERCLA. Instead of creating uncertainty, this regulation expedites site cleanup by designating the initial party responsible for performing such cleanup, and does nothing to prevent the property owner from seeking recovery from responsible parties under CERCLA or other laws - it instead affirms that right. Accordingly, the Court finds that City of Fremont Municipal Code § 3-12601 is not preempted by CERCLA.

Lite Array's final argument regarding the private nuisance claim rests on plaintiff's assertion in another complaint related to this matter that another defendant, Opsys U.S. Corp., was responsible for the rent, and Lite Array cannot therefore be responsible for any loss of use and enjoyment. This argument is without merit, as plaintiff's nuisance claim is also based on the contamination of the property constituting an obstruction to its use and enjoyment. *See* FAC ¶ 33.

///

8

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS in part and DENIES in part defendant's motion to dismiss, and GRANTS plaintiff leave to amend the complaint (Docket No. 48). **Plaintiff must file its amended complaint on or before May 15, 2006.**

Dated: April 27, 2006

SUSAN ILLSTON
United States District Judge